_____

SEAN D. MALCOLM,                           :
                                           :
                    Plaintiff,             :        Civ. No. 19-11734 (FLW) (DEA)
                                           :
        v.                                 :
                                           :
S.C.O.M. BRAY et al.,                      :        **MEMORANDUM AND ORDER**
                                           :
                    Defendants.            :
_____   :


        Plaintiff, Sean D. Malcolm ("Plaintiff"), a state prisoner presently incarcerated at New

Jersey State Prison, in Trenton, New Jersey, has filed a *pro se* Complaint alleging claims under

42 U.S.C. § 1983 and state law.  The Court previously granted Plaintiff's application to proceed

*in forma pauperis*.  (ECF Nos. 1-1 & 2.)

        Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal

prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief

may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune

from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).

        The Court construes Plaintiff's Complaint to assert Eighth Amendment claims pursuant

to 42 U.S.C. § 1983 based on (1) conditions of confinement at New Jersey State Prison that

jeopardize Plaintiff's health and safety and (2) Defendants' deliberate indifference to his serious

medical needs.  The Court has screened the Complaint in this action for dismissal and

determined that the Complaint provides sufficient facts to state Eighth Amendment claims for

conditions of confinement that jeopardize Plaintiff's health and safety and deliberate indifference

to Plaintiff's serious medical needs against Defendants S.C.O.M. Bray and Mr. Bruce Davis,

Administrator.[1]  Accordingly, dismissal of the § 1983 claims against these Defendants is not warranted at this time, and the Eighth Amendment claims shall proceed.

To the extent Plaintiff asserts § 1983 claims against Defendants Bray and Davis for damages in their official capacities, those claims are dismissed with prejudice.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983").

The Court also construes the Complaint to assert state law claims for "harassment, defamation of character, slander, [and] libel[.]"  For the reasons explained below, the Court will dismiss Plaintiff's state law claims pursuant to 28 U.S.C. § 1915(e).

From the outset, New Jersey State law does not appear to recognize a civil cause of action for harassment that gives rise to damages.  *See Rooney v. Carlomagno*, No. A–1049–08T1, 2010 WL 199397, at *2 (N.J. Super. Ct. App. Div. Jan. 22, 2010) (stating "[w]e have specifically declined the opportunity to consider whether an act of harassment under N.J.S.A. 2C:33–4 [New Jersey's criminal harassment statute] creates a civil cause of action for damages" and noting that courts "should normally defer to the Supreme Court ... with respect to the creation of a new cause of action."); *see also Aly v. Garcia*, 333 N.J. Super. 195, 203 (N.J. App. Div. 2000); *Todd v. Citibank*, No. CV 16–5204–BRM–DEA, 2017 WL 1502796, at *5 (D.N.J. Apr. 26, 2017) (concluding Plaintiff could not proceed on private action for harassment "in light of the New Jersey courts' and State Legislature's reluctance to create a private cause of action under N.J.S.A. 2C:33–4"); *Clark v. Cox*, Civ. No. 15–6174, 2018 WL 259770, at *3 (D.N.J. Jan. 2, 2018) (same).  Because Plaintiff requests monetary damages for relief, and New Jersey does

---

[1] The claims against Defendant Bray are based on his direct participation in the violations and the claims against Defendant Davis are based on his knowledge and acquiescence in the alleged violations.

not recognize a civil cause of action for harassment in such circumstances, his harassment claim

against Defendant Bray is dismissed with prejudice.  To the extent he asserts that Defendant

Davis is liable for harassment under a theory of *respondeat superior*, that claim is likewise

dismissed with prejudice.

To the extent Plaintiff asserts a state law claim for intentional infliction of emotional

distress ("IIED") against Defendant Bray only based on his harassing conduct, the Court will

also dismiss that claim without prejudice for failure to state a claim for relief.  In order to

establish a claim for IIED, the plaintiff must assert intentional and outrageous conduct by the

defendant, proximate cause, and distress that is severe.  *Buckley v. Trenton Sav. Fund Soc'y*, 111

N.J. 355, 366 (1988).  The distress must be so severe that no reasonable person could be

expected to endure it.  Severe emotional distress refers to any type of severe and disabling

emotional or mental condition which may be generally recognized and diagnosed by

professionals trained to do so.  *Taylor v. Metzger*, 152 N.J. 490, 515 (1998).  In order to be

actionable, the claimed emotional distress must be sufficiently substantial to result in physical

illness or serious psychological sequelae.  *Schillaci v. First Fidelity Bank*, 311 N.J. Super. 396,

406 (App. Div. 1998); *Lingar v. Live–In–Companions, Inc.*, 300 N.J. Super. 22, 34-35 (App.

Div. 1997). Plaintiff describes harassing conduct by Defendant Bray, but does not plead

sufficient facts showing that the conduct caused him <u>severe emotional distress,</u> as required to

sustain an IIED claim.

Finally, the Court construes Plaintiff to assert a claim of defamation and/or slander

("defamation claim" ) against Defendant Bray only.  "The law of defamation is rooted in the

notion that individuals should be free to enjoy their reputations unimpaired by false and

defamatory attacks."  *Salzano v. North Jersey Media Group Inc.*, 201 N.J. 500, 505 (2010).  To

establish a prima facie case of defamation, a plaintiff must present proof tending to establish each of the following elements: 1) defendant made a defamatory statement of fact about the plaintiff; 2) the statement was false; 3) the statement was communicated to a third party; and 4) defendant made the statement while either knowing that it was false, or while failing to exercise due care to ascertain the truth or falsity of the statement. *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 585 (2009). The Complaint contains only one purported "statement of fact" made by Defendant Bray about Plaintiff. Plaintiff asserts that Defendant Bray called Plaintiff an "alcoholic" on February 13, 2019, after Plaintiff was "found guilty of having spoiled juice as alcohol." (ECF No. 1, Complaint at ¶ 6.) Plaintiff does not plead any other facts tending to show that the statement was false, that it was communicated to a third party, and that Defendant Bray either knew the statement was false or failed to exercise due care to ascertain the truth or falsity of the statement. The Court will therefore dismiss without prejudice the defamation claim against Defendant Bray for failure to state a claim for relief.

Therefore, IT IS, on this  4th  day of October 2019,

ORDERED that the Eighth Amendment claims pursuant to 42 U.S.C. § 1983 for conditions of confinement that jeopardize Plaintiff's health and safety and deliberate indifference to Plaintiff's serious medical needs shall proceed against Defendants Bray and Davis; and it is further

ORDERED that the § 1983 claims for damages against Defendants Bray and Davis in their official capacities are dismissed WITH PREJUDICE; and it is further

ORDERED that the state law claim for harassment is dismissed WITH PREJUDICE as to both Defendants; and it is further

ORDERED that the state law claim for IIED against Defendant Bray is dismissed without prejudice;

ORDERED that the state law claim for defamation against Defendant Bray is dismissed WITHOUT PREJUDICE; and it is further

ORDERED that to the extent Plaintiff can cure the deficiencies in his state law claims for defamation and/or IIED, he may submit an Amended Complaint within 30 days of the date of this Order;[2] and it is further

ORDERED that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

ORDERED that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[3]; and it is further

ORDERED that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

---

[2] If Plaintiff chooses to submit an amended complaint, the amended complaint will replace the original complaint. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."). *See also Zrodskey v. Head Classification Officer*, Civ. A. No. 3:11cv00283, 2011 WL 5881813, *2 (D.N.J. Nov. 23, 2011) (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)) ("As a general matter, once an amended complaint is filed, that document replaces all prior complaints.").

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the

Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the

assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by

Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to

Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail

upon each party at his last known address and (2) file a Certificate of Service[4]; and it is further

ORDERED that the Clerk of the Court shall serve Plaintiff with copies of this

Memorandum and Order via regular mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.