# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SEAN D. MALCOLM,

    Plaintiff,

v.

S.C.O.M. BRAY et al.,

    Defendants.

Civ. No. 19-11734 (FLW) (DEA)

**MEMORANDUM AND ORDER**

Plaintiff Sean D. Malcolm ("Plaintiff"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, has filed (1) a letter motion seeking leave to file an Amended Complaint and pro bono counsel application, and (2) a letter motion for an immediate injunction. *See* ECF Nos. 5-6. For the reasons explained in this Memorandum and Order, the Court will grant the motion for leave to file an Amended Complaint and pro bono counsel application and deny without prejudice the motion for an immediate injunction.

Plaintiff initiated this action by filing a *pro se* Complaint alleging claims under 42 U.S.C. § 1983 and state law. *See* ECF No. 1. The Court granted Plaintiff's application to proceed *in forma pauperis* and screened Plaintiff's Complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF Nos. 2-3.

The Court construed the Complaint to assert Eighth Amendment claims pursuant to 42 U.S.C. § 1983 based on (1) conditions of confinement at New Jersey State Prison that jeopardize Plaintiff's health and safety and (2) Defendants' deliberate indifference to his serious medical needs, both arising from his continued placement in an unsanitary cell. *See* ECF No. 3. The Court further determined that Plaintiff provided sufficient facts to state Eighth Amendment claims against Defendants S.C.O.M. Bray and Mr. Bruce Davis, Administrator. To the extent

Plaintiff asserted § 1983 claims against Defendants Bray and Davis for damages in their official capacities, the Court dismissed those claims with prejudice. *See id.*

The Court also construed the Complaint to assert state law claims for defamation and libel/slander, dismissed these claims without prejudice, and provided Plaintiff with leave to submit an Amended Complaint within 30 days. *See id.* Because Plaintiff requested monetary damages for relief and New Jersey does not recognize a civil cause of action for harassment in such circumstances, the Court dismissed with prejudice his state law harassment claims against both Defendants. *See id.* The Court also informed Plaintiff that if he chose to submit an amended complaint, the amended complaint would replace the original complaint.[1] *See id.*

Plaintiff did not submit a proposed Amended Complaint Instead, on October 22, 2019, Plaintiff submitted a "motion" seeking to amend his Complaint to add additional facts regarding his claims for emotional and physical damages, his state law claims for defamation/slander and intentional infliction of emotional distress ("IIED"). *See* ECF No. 5 at 1-9. Plaintiff also raised the possibility of adding claims for "failure to train" and filing a motion for immediate injunctive relief due to his serious medical condition and possible acts of retaliation by prison officials. *See id.* Finally, Plaintiff appears to seek additional time to submit an Amended Complaint and a pro bono counsel application. *Id.*

Subsequently, on December 20, 2019, the Clerk of the Court docketed an undated letter from Plaintiff seeking an injunctive relief arising from an incident that occurred on December 2, 2019. *See* ECF No. 6 at 1-4. Plaintiff, who receives dialysis three times a week, was preparing to be transported to UMDNJ to have a new dialysis site surgically installed. Prior to the

---

[1]*See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n. 2 (1982) (White, J., concurring in part and dissenting in part) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original.").

transport, Sergeant Mendoza allegedly disregarded Plaintiff's "kidney doctor[']s order" not to handcuff Plaintiff or make him wear a black box/waist chain due to Plaintiff's risk of blood clots and risk of damage to his graft for his dialysis. *See id.* at 1-2. Plaintiff presented Sergeant Mendoza with letters from his doctors stating that Plaintiff should be kept free of shackles. Because Plaintiff was unwilling to wear the black box, Sergeant Mendoza refused to let him take the medical trip, and Plaintiff was charged with an institutional infraction.[2] *See id.* at 3. Plaintiff also asserts that Dr. Nwachaku and Major Sears called Plaintiff to the medical department to measure his wrists and had him try on the black box to determine how it fit. Plaintiff complains that Dr. Nwachaku is a "puppet" and does not have experience in the field of renal disease. Plaintiff asks for an immediate injunction to remove him from the facility or grant him early release based on his serious medical problems.[3] *Id.* at 3-4.

Finally, by letter dated January 29, 2020, Plaintiff wrote to inform the Court that prison officials, including Dr. Nwachuku, Sergeant Mendoza, and Major Sears, "insist on going against the guidelines and medical prescription of NOT handcuffing [Plaintiff] and forcing [Plaintiff] to wear a 'Black Box' restraint device" against the orders of his specialists. *See* ECF No. 7 at 1. Plaintiff asserts that the shackling has resulted in unnecessary surgeries and will eventually result in a blood clot. *Id.* at 1-7.

---

[2] Although Plaintiff mentions several other individuals, Major Sears, Ofc. P. Limberg, Lt. O. Gil, and SCO Perkins, he provides no facts about how these individuals were involved in the alleged wrongs.

[3] Together with his letter motion to the Court, Plaintiff has also submitted an affidavit written to NJDOC Commissioner Maurice Hicks regarding the restraints placed on him at the hospital and prior to being transported to the hospital. In this affidavit, Plaintiff also complains that his right to private consultation with his doctors is violated by the presence of the corrections officers in his hospital room. *See* ECF No. 6-1.

The Court now addresses these submissions, beginning with Plaintiff's request for an immediate injunction, which the Court construes as a request for a preliminary injunction. It is axiomatic that a preliminary injunction does not provide relief for a new or different claim than the claims in the complaint. *See, e.g., Bronson v. Houdeshell*, 2007 WL 1098962, at *1 (M.D. Pa. Apr. 11, 2007) (citing 43A C.J.S. Injunctions § 8 (1978)). Courts in this circuit have denied emergent relief when the "request for injunctive relief is [ ] targeted at potential conduct that bears no relation to his underlying claim." *Martin v. Keitel*, 205 Fed. Appx. 925, 929 (3d Cir. 2006); *see also Schwartz v. United States DOJ*, No. 06–5581, 2007 U.S. Dist. LEXIS 74608, 2007 WL 2916465 (D.N.J. Oct. 4, 2007) (denying injunctive relief because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint"); *Glazewski v. Corzine*, 2008 WL 2915482, at *1 (D.N.J. Jul. 25, 2008) (denying motion for a preliminary injunction where the nature of the claims were similar to those asserted in the underlying complaint but involved different defendants and different facilities).

The operative Complaint in this matter involves Eighth Amendment claims for conditions of confinement and deliberate indifference to Plaintiff's serious medical needs against Defendants S.C.O.M. Bray and Mr. Bruce Davis, Administrator, both arising from Plaintiff's continued placement in an unsanitary cell. (*See* ECF No. 1.) The prison officials involved in the alleged shackling of Plaintiff against his doctor's order are different than defendants named in the current Complaint, and the subject matter of the preliminary injunction motion—though generally related to Plaintiff's health and safety—concerns facts and issues that are not pleaded in the current Complaint. Because the request for injunctive relief involves new potential claims

and new potential defendants and concerns facts that are not clearly related to the current Complaint, the Court will deny <u>without prejudice</u> the motion for a preliminary injunction.[4]

The Court will, however, grant Plaintiff's letter motion seeking leave to submit an Amended Complaint and a pro bono counsel application, and provide Plaintiff with an additional 45 days in which to submit an Amended Complaint and pro bono counsel application. The Court also grants Plaintiff leave to include in the Amended Complaint claims arising from his placement in an unsanitary cell <u>and</u> the unwarranted shackling. When he submits the Amended Complaint, he may also file a new motion for a preliminary injunction, if warranted.[5] This is not an invitation to Plaintiff to submit an Amended Complaint that includes numerous unrelated claims and Defendants, and the Amended Complaint, which will replace the original Complaint, will be subject to the Federal Rules governing joinder of claims and parties.[6]

**IT IS, THEREFORE, ON THIS** <u>7th</u> day of April 2020,

**ORDERED** that Plaintiff's letter motion seeking leave to submit an Amended Complaint and an application for pro bono counsel (ECF No. 5) is **GRANTED**; and it is further

---

[4] The Court has also received a letter from Plaintiff's sister, dated March 31, 2020, advising that Plaintiff is being harassed by several corrections officers at NJSP. In response to an alleged incident of harassment by these corrections officers, Commissioner Hicks and Administrator Kandell apparently plan to move Plaintiff back to South Woods State Prison. Plaintiff and his family oppose this transfer, and Plaintiff's sister seeks this Court's intervention. The Court's ability to provide relief to litigants is limited to those matters contained in the Complaint and related motions. This issue, like the issues raised in Plaintiff's motion for a preliminary injunction, are not before the Court at this time, and the Court is therefore unable to provide any relief.

[5] If Plaintiff files a preliminary injunction, any relief requested should merely preserve the status quo until the merits of his claims are adjudicated. Medical release from prison does not simply preserve the status quo and is not a form of relief available to convicted prisoners in a civil rights action.

[6] If Plaintiff so chooses, he may file a new action regarding the alleged unwarranted shackling, together with an application to proceed *in forma pauperis*.

**ORDERED** that Plaintiff is provided with 45 days within which to submit an Amended Complaint and an application for pro bono counsel; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 6) is **DENIED** without prejudice for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge