**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| SEAN D. MALCOLM, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 19-11734 (FLW) (DEA) |
| | : | |
| v. | : | |
| | : | |
| S.C.O.M. BRAY et al., | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendants. | : | |

_____ :

Currently pending before the Court is Defendant Dr. Nwachukwu's motion to dismiss Plaintiff Sean D. Malcolm's ("Plaintiff") Amended Complaint. ECF No. 31. Also pending before the Court is Plaintiff's motion for a preliminary injunction. ECF No. 13. For the reasons explained in this Memorandum and Order, the Court denies without prejudice Dr. Nwachukwu's motion to dismiss because Plaintiff states a claim against her under § 1983 for inadequate medical care. The Court also denies without prejudice Plaintiff's motion for a preliminary injunction.

## I.     PROCEDURAL HISTORY & FACTUAL ALLEGATIONS

The Court recounts only the procedural history and factual allegations necessary to resolve Dr. Nwachukwu's motion to dismiss and Plaintiff's request for preliminary injunctive relief.

### a.  Procedural History

On October 4, 2019, the Court screened Plaintiff's original complaint pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B), and proceeded in part and dismissed in part the complaint, which asserted Eighth Amendment conditions of confinement claims against

SCOM Bray and Mr. Bruce Davis in connection with Plaintiff's placement in a unsanitary living conditions that threaten his health and safety.[1]  *See* ECF No. 3.

On December 20, 2019, Plaintiff, who has renal disease, filed a letter motion for immediate injunctive relief to halt the practice of shackling him with a black box device while transporting him to the hospital to get dialysis.  *See* ECF No. 6.  On April 20, 2020, the Court denied without prejudice Plaintiff's request for immediate injunctive relief, finding that the injunctive relief sought pertained to claims that were not pleaded in the original Complaint and sought to restrain individuals who were not defendants in this action.  *See* ECF No. 8.  The Court granted Plaintiff's letter request to file an Amended Complaint to assert Eighth Amendment claims related to his living conditions and the Eighth Amendment claims related to the unlawful shackling, and also granted Plaintiff's request to file a motion for pro bono counsel.  ECF No. 8.

On June 8, 2020, Plaintiff submitted a renewed request for a preliminary injunction, which the Clerk of the Court docketed in error as an Amended Complaint.[2]  *See* ECF No. 13.

On June 24, 2020, Plaintiff submitted his Amended Complaint in which he sues Dr. Nwachukwu, as well as to SCOM Bray, Mr. Davis, Tina Cortez, Amy Emrich, Sgt. Mendoza, and Major Chris Sears.  *See* ECF No. 16.  Summons issued as to all Defendants.  The summons as to Davis was returned unexecuted, and Defendants Bray, Cortez, Emrich, Mendoza, and Sears were served and filed their Answer on May 25, 2021.[3]  ECF Nos. 20, 21, 24, 25, 27.

---

[1] The Complaint also asserted various state law claims against Defendant Bray, which were dismissed without prejudice at screening.

[2] The main document submitted by Plaintiff is titled "Amended Complaint." When construed with Plaintiff's letter attachment, however, this submission appears to be a renewed request for a preliminary injunction, and the Court will address it as such below.

[3] The State Defendants responded to Plaintiff's Amended Complaint filed on June 24, 2020.

Dr. Nwachukwu was served with the Amended Complaint on May 11, 2021, ECF No. 25, and sought several extensions of time to answer or move to dismiss, which were granted.[4] *See* ECF Nos. 28-30.  Dr. Nwachukwu filed her motion to dismiss through counsel on June 28, 2021.  ECF No. 31.  It is not entirely clear whether the motion to dismiss addresses the allegations in Plaintiff's motion for a preliminary injunction or his Amended Complaint.[5] Plaintiff opposition brief, dated July 21, 2021, was docketed on September 10, 2021.[6]  *See* ECF No. 38.  Dr. Nwachukwu filed a reply brief on September 23, 2021.  ECF No. 42.

On July 28, 2021, Plaintiff also filed a motion for pro bono counsel.  ECF No. 35.  On January 5, 2022, Peter M. Kober, Esquire, entered an appearance as attorney for Plaintiff.  ECF No. 44.  On January 12, 2022, Magistrate Judge Arpert terminated the pro bono counsel motion as moot in light of the appearance of counsel.  ECF No. 47.

### b.  Factual Allegations in the Amended Complaint

The gravamen of Plaintiff's claims against Dr. Nwachukwu is that she refuses to implement Plaintiff's Nephrologist's orders that Plaintiff be shackled with flexible cuffs <u>only</u> and <u>not</u> be shackled with a so called "black box" restraint because this type of shackling damages his arteriovenous ("AV") graft, which can lead to life threatening blood clots.  As noted above, Plaintiff alleges he has kidney disease and is transported to the U.M.D.N.J. for dialysis three time

---

[4] The first extension request refers to Plaintiff's Amended Complaint filed on June 24, 2020, i.e., ECF No. 16.

[5] The motion to dismiss refers to Plaintiff's submission on June 8, 2020, at ECF No. 13, but appears to cite to the Amended Complaint filed on June 24, 2020, ECF No. 16.

[6] Defendant Nwachukwu argues through counsel that Plaintiff's opposition papers are late because they were docketed on September 10, 2021, but counsel does not address the fact that Plaintiff's opposition papers are dated July 21, 2021, and that prisoners are generally afforded the filing date on which they handed their mail to prison officials for filing.  In light of the prison mailbox rule and Plaintiff's pro se status at the time he filed his opposition, the Court does not disregard Plaintiff's opposition as untimely filed.

a week.  The Complaint alleges that Dr. Nwachukwu is the head medical doctor at charge at New Jersey State Prison, and she has the authority to resolve treatment-related issues or disputes. Amended Complaint at ¶ 59.  Plaintiff has two separate orders from specialists stating that his arms should not be immobilized and he should not wear the black box restraint or hand cuffs, but prison officials have refused to comply with the doctor's orders, and the AV graft has been repaired 11 times since June 2019 due to the use of the black box restraint.  *Id.* at ¶¶ 60-61.  On December 2, 2019, Plaintiff refused Defendant Mendoza's orders to be placed in the black box restraint and handcuffs to be transported to UMDNJ to repair his AV graft.  *Id.* at ¶62.  Plaintiff received an institutional charge for refusing to comply.  *Id.* at ¶ 63.

On December 4, 2019, Plaintiff was taken to the medical department where Defendant Nwachukwu and Sgt Sears measured Plaintiff's wrists for flexible cuffs; Dr. Nwachukwu also had him try on the black box restraint to see how it fit him.  *Id.* at ¶¶ 64-65.  Plaintiff presented copies of the orders to both Sgt. Sears and Dr. Nwachukwu, but Defendants told Plaintiff he should just remain stationary when the van turns to avoid damaging his graft, which Plaintiff claims is impossible.  *Id.* at ¶ 65.  Plaintiff also asked Dr. Nwachukwu to contact his specialist or his dialysis nurse so they could explain why he should not wear the black box, but Dr. Nwachukwu refused to do so.  *See id.* at ¶ 66.  Plaintiff also alleges that Dr. Nwachukwu, who is not an expert in Nephrology, is making decisions based on what Defendant Sears tells her to do, and not based on Plaintiff's medical needs.  *See id.* ¶ 67.

Plaintiff further contends that he was admitted to the UMDNJ in January 2020 to remove clots from his AV graft, which were caused by wearing the black box device.  *Id.* at ¶ 68.  This prompted a doctor at UMDNJ to write to Dr. Nwachukwu to reiterate that Plaintiff should not wear the black box restraint.  Dr. Nwachukwu allegedly threatened the doctor and pressured him

to change his recommendation.  *See id.* at ¶¶68-71.  Plaintiff alleges Defendant Nwachukwu's actions threaten Plaintiff's health and safety and violate his Eighth Amendment rights.  *See id.* at ¶ 69.

## II.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  Fed. R .Civ. P. 12(b)(6).  On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   **DISCUSSION**

The Eighth Amendment proscribes punishments that "involve the unnecessary and wanton infliction of pain."  *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).  "Deliberate indifference to a prisoner's serious medical

needs also constitutes an unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* Plaintiff must show: (1) that defendants were deliberately indifferent to his medical needs and (2) that those needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Here, Plaintiff has sufficiently alleged that Dr. Nwachukwu acted with deliberate indifference to his serious medical needs when she refused to implement his specialist's order that Plaintiff be transported using flexible cuffs only rather than the black box restraint. Plaintiff has provided sufficient facts that Dr. Nwachukwu was aware of Plaintiff's serious medical needs and the risk the black box presented, *i.e.*, repeated damage to his AV graft and the possibility of blood clots, but nevertheless required Plaintiff to continue wearing the black box restraint to placate Sgt. Sears.

Defendant argues that Plaintiff has not established a serious medical need because the desire to wear different handcuffs is not a serious medical need. *See* Defendant's Brief at 7. Defendant's argument misconstrues Plaintiff's allegations. Plaintiff alleges that he has renal disease and an AV graft and that his specialist has ordered that Plaintiff should not be restrained with the black box device because it damages the AV graft and could cause a blood clot. Plaintiff's renal disease, AV graft, and his potential for blood clots are his serious medical conditions and the need to wear flexible cuffs in lieu of the black box device is his medical need. As such, the Court rejects Defendant's argument as specious.

Dr. Nwachukwu also argues that she was not sufficiently involved in forcing Plaintiff to wear the black box device because she didn't place him in the device when he was transported

for dialysis and simply measured him for flexible cuffs, which were also ordered by his specialist.  *See* Defendant's Brief at 8-9.  This argument ignores other pertinent allegations in the Amended Complaint, which sufficiently establish Dr. Nwachukwu's involvement in the alleged wrongs.

According to the Complaint, Dr. Nwachukwu is the head medical doctor at the prison with the authority to resolve treatment-related issues and disputes, and Plaintiff was taken to the medical department after he refused to be transported in the black box restraint.  In addition to measuring Plaintiff's wrists, Dr. Nwachukwu and Sgt. Sears (the "they" in Plaintiff's Complaint) made him try on the black box to see how it fit him and allegedly told him that he should remain stationary while the vehicle makes turns.  Dr. Nwachukwu also allegedly refused to speak to Plaintiff's specialist or his nurse so they could explain why he should not wear the black box.  Plaintiff alleges that Dr. Nwachukwu refuses to permit Plaintiff to wear alternate restraints in order to appease Sgt. Sears and in disregard of his medical needs.  Finally, after Plaintiff's AV graft repair, Dr. Nwachukwu allegedly threatened an outside doctor who wrote a letter reiterating that Plaintiff should not be transported in the black box restraint.  The Court infers from these allegations that Dr. Nwachukwu has the authority to implement the specialist's orders, but she nevertheless determined that Plaintiff should continue to wear the black box device despite the fact that it damages his AV graft and can cause blood clots.  These allegations are sufficient to show deliberate indifference on the part of Dr. Nwachukwu.

For these reasons, the Court finds that Plaintiff's Complaint states a claim for inadequate medical care against Defendant Nwachukwu and denies without prejudice the motion to dismiss.

The Court next addresses Plaintiff's renewed request for a preliminary injunction.  A party seeking a preliminary injunction must satisfy the traditional four-factor test: (1) a

likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citing *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). A preliminary injunction maintains the status quo pending a final decision on the merits, whereas a "mandatory injunction" alters the status quo by granting injunctive relief before trial, and as such is appropriate only in extraordinary circumstances. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity.")

Plaintiff has not addressed these four factors and asks for a plethora of relief, some of which alter the status quo or go beyond the relief that may be awarded in a § 1983 action. Because Plaintiff's motion for a preliminary injunction does not establish his entitlement to relief before discovery or trial, the Court denies it without prejudice. If warranted, Plaintiff's counsel may file a more tailored motion for injunctive relief at the appropriate time.

**IT IS, THEREFORE,** on this 25th day of January 2022,

**ORDERED** that Defendant Nwachukwu's motion to dismiss (ECF No. 31) is denied **WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 13) is likewise denied **WITHOUT PREJUDICE** to the filing of a new motion by Plaintiff's counsel if and when appropriate; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

8

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge